**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-03640-STV

KEVIN ALEXANDER MEZA ESCOTO,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY; *et al*,

Respondents.

---

**ORDER**

---

Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner Kevin Alexander Meza Escoto's Petition for Writ of Habeas Corpus (the "Petition") [#1]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#11] In his Petition, Mr. Meza Escoto seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody. [#1] Mr. Meza Escoto seeks a writ ordering Respondents to immediately release him from custody or, in the alternative, requiring that Respondents provide him with a bond hearing. [*Id.*] The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition. For the following reasons, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner is a native of Honduras. [#1 at ¶ 5] He entered the United States in or around August 2021 in Texas. [*Id.*] Petitioner was arrested on July 9, 2026, in Florida, while a passenger in a vehicle. [*Id.* at ¶ 7] The vehicle was stopped by Immigration and Customs Enforcement ("ICE"). [*Id.* at ¶ 8] The vehicle was not stopped for any traffic violations. [*Id.*] ICE had not issued a warrant for Petitioner at the time of his arrest. [*Id.* at ¶ 17]

On August 4, 2026, Petitioner appeared before the Aurora Immigration Court for a bond hearing. [*Id.* at ¶ 9] There, the immigration judge determined that Petitioner was a danger to the community and a flight risk. [*Id.*] The immigration judge placed the burden on Petitioner to demonstrate he was not a danger to the community or a flight risk. [*Id.* at ¶ 24] The immigration judge did not explain whether she considered all relevant evidence when rendering her determinations. [*Id.* at ¶ 31] A transcript of the bond hearing suggests that bond was denied after a short discussion of whether Petitioner had paid taxes in the United States or Honduras and whether he had a valid driver's license. [*See* #1-2] Petitioner remains in DHS custody. [#1 at ¶ 10]

Petitioner brings two claims. First, Petitioner brings a claim for violation of the Fourth Amendment. [*Id.* at ¶¶ 34-39] Second, Petitioner brings a claim for violation of his Fifth Amendment right to due process. [*Id.* at ¶¶ 40-45] On August 19, 2026, Respondents filed a response stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." [#10 at 1]

## II. LEGAL FRAMEWORK

Section 2241 authorizes courts to adjudicate a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *3 (D. Colo. Dec. 17, 2025) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "The writ of habeas corpus is designed to challenge 'the fact or duration' of a person's confinement." *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *3 (D. Colo. May 5, 2025) (quoting *Preiser*, 411 U.S. at 500). "[A] noncitizen may bring a habeas petition under this section if his or her confinement violates the Fifth Amendment's guarantee of due process." *Juarez v. Choate*, No. 1:24-cv-00419-CNS, 2024 WL 1012912, at *3 (D. Colo. Mar. 8, 2024) (citing *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *3 (D. Colo. July 2, 2019)).

## III. ANALYSIS

It is uncontested that Petitioner was detained under 8 U.S.C. 1226(a) and has received a bond hearing before an immigration judge. [#1 at ¶¶ 9, 18; *see generally* #10] Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). However, there are a few exceptions to the warrant requirement outlined in the INA. The INA authorizes warrantless immigration arrests in narrow circumstances. Under 8 U.S.C. § 1357(a)(2), an immigration officer

may arrest a noncitizen without a warrant only if the officer has "reason to believe" the person is violating the immigration laws and the person "is likely to escape before a warrant can be obtained." The statute also permits warrantless arrests in certain circumstances where an officer "has reasonable grounds to believe that the person to be arrested has committed or is committing" a felony and "there is a likelihood of the person escaping before a warrant can be obtained for his arrest." *Id.* § 1357(a)(5). "Courts have interpreted the 'reason to believe' language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape." *Ghiyosov v. Mullin*, No. 26-cv-03412-NYW, 2026 WL 2349452, at *2 (D. Colo. Aug. 13, 2026) (citing *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216-17 (D. Colo. 2025)). "Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide 'whether the [noncitizen] will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued.'" *Id.* (quoting 8 C.F.R. § 287.3(d)).

The record demonstrates that Respondents did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Petitioner was arrested in July 2026 without a warrant. [#1 at ¶ 17] The record provides no evidence of a warrant for Petitioner's arrest issued at any time. Respondents do not submit a brief in opposition to this Petition [#10], so the Court has not been provided with argument or evidence indicating that Petitioner's warrantless arrest was proper under Section 1357. Additionally, Respondents "bear the burden to justify Petitioner's detention." *Ghiyosov*, 2026 WL 2349452, at *2 (quoting *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo.

2024)). As they have not done so here, the Court GRANTS the Petition. The Court will order Mr. Meza Escoto released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a lawful predicate." *Id.* at 3 (quotation omitted); *see also Calderon Navarro v. Valdez*, No. 26-cv-03340-NYW, 2026 WL 2321366, at *3 (D. Colo. Aug. 11, 2026) (same); *Arrioja Blanco v. Valdez*, No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D. Colo. Aug. 6, 2026) (releasing a petitioner where respondents lacked statutory authority for a warrantless arrest).

This case presents one in a series of cases in which DHS appears to have simply ignored the law and detained an individual in violation of the law. The United States has not—and apparently cannot—defend that decision. A hearing is set for **September 10, 2026 at 9:00 a.m.** at which the Defendants shall be prepared to address their apparent repeated violation of the law.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED**;

(2) Respondents shall release Petitioner for DHS custody within **48 HOURS** of the date of this Court's Order; and

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance; and

(4) A hearing is set for September 10, 2026 at 9:00 a.m.

DATED: September 1, 2026

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge